O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES   9691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350
Facsimile:  (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Attorneys for Debtor and
Debtor-in-Possession,
DAIRY ROAD PARTNERS

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No.  13-01138 |
| | (Chapter 11) |
| DAIRY ROAD PARTNERS, | |
| | *Hearing:* |
| Debtor and | Date: |
| Debtor-in-Possession. | Time: |
| | Judge:  Honorable Robert J. Faris |

**OMNIBUS DECLARATION OF GLENN M. NAKAMURA**

I, Glenn M. Nakamura, hereby declare as follows:

1.    I am the General Partner of and the Responsible Person of the

Debtor.

2.    Debtor is a domestic limited partnership, registered to do business in the State of Hawaii and which owns and operates a gas station under the name Dairy Road Shell located at 370 Dairy Road, Kahalui, HI 96732. The Debtor also operates a convenience store and leases rental space at this location.

3.    I submit this Declaration in Support of the Debtor's First Day Motions separately filed, including:

- Application for Order Authorizing Retention of O'Connor Playdon & Guben LLP as General Counsel for the Debtor

- Motion for Order Prohibiting Utilities from Altering, Refusing or Discontinuing Services, and Providing Adequate Assurance of Payment to Utility Providers, or the Alternative, Pay Utilities Pre-Petition Invoices

- Motion to Pay Pre-Petition Critical Vendors

- Motion for Order Authorizing Debtor to Honor Existing Merchant Service  Agreement and Authorizing Continued Use of Existing Cash Management System and Bank Accounts

- Motion for Order Authorizing Debtor to Honor Pre-Petition Special Offers, Discount Cards, and Gift Certificates

- Motion to Pay Pre-Petition Wages, Salaries and Benefits Post-Petition

- Motion to Approve Premium Finance Agreement

- Application for Payment of Post-Petition Retainer Pursuant to 11 U.S.C. §328

U.S. Bankruptcy Court - Hawaii   #13-01138   Dkt # 12   Filed  07/03/13   Page 2 of 8

4.     On July 3, 2013, Debtor filed its petition for Chapter 11 relief and continues to operate the Dairy Road Shell located at 370 Dairy Road, Kahului, Hawaii 96732.

5.     At the time of the filing, American Savings Bank FSB had on file a Uniform Commercial Code Financings Statement which appears to cover the Debtor's cash and accounts from the operations of its gas station and other businesses.

6.     The Debtor operates a gas station and convenience store which utilizes local vendors and suppliers in its business.

7.     There are various vendors and suppliers that are critical to Debtor's business.  Debtor has had relationships with these vendors and suppliers for many years.  Some of the vendors and suppliers provide unique goods and those vendors and suppliers are irreplaceable or there are no other vendors or suppliers that would be willing to work with Debtor at rates suitable to Debtor's gas station and convenience store operations.  Moreover, given the nature of the suppliers, most of the goods are provided on a current basis.

8.     At the time of filing, there were various pre-petition amounts due to the vendors which Debtor seeks to pay post-petition.  Without payment of the pre-petition amounts due, many may be unable or unwilling to provide Debtor with the goods and supplies necessary and crucial to Debtor's operations.

9. A list of vendors and suppliers critical to Debtor's operations is attached to the Motion to Pay Pre-Petition Critical Vendors.

10. The Debtor currently has eight (8) full-time and part-time employees.

11. As part of their employment, employees receive wages, salaries, and benefits, such as health insurance.

12. Employees are paid on a bi-monthly basis. At the time of filing, Debtor had incurred pre-petition wages, salaries and benefits for the pre-petition period of July 1, 2013 to July 3, 2013. The next scheduled payroll date is July 19, 2013 for the period of July 1, 2013 to July 15, 2013.

13. True and correct copies of lists of Debtor's employees, their pay rates and the approximate amounts due and owing for the July 1, 2013 to July 3, 2013 period to each are attached to the Motion to Pay Pre-Petition Wages, Salaries and Benefits Post-Petition.

14. Prior to the bankruptcy filing, Debtor entered into an agreement with IPFS Corporation for financing for its Workmen's Compensation Insurance, Umbrella, Underground Pollution Tanks, Automobile, and Package ("IPFS") premiums. The payment terms are as follows:

| Total Premiums | Cash Down Payment | Amount Financed | Eight (8) Monthly Payments | Finance Charge | Total Payments |
|---|---|---|---|---|---|
| $23,590.00 | $5,910.00 | $17,680.00 | $2,257.92 | $383.36 | $18,063.36 |

15.     The first payment was due on November 14, 2012.  The last payment under the agreement was in June 2013.  There are no remaining payments to be made on the agreement.

16.     A true and correct copy of the Premium Finance Agreement is attached to the Motion to Approve Premium Financing Agreement.

17.     As part of its ordinary course of operations, Debtor provides special offers, discount cards, and gift certificates to existing and potential patrons to encourage them to frequent Debtor's gas station.

18.     The special offers, discount cards, and gift certificates enable holders to obtain gas at the Debtor's gas station for a reduced price, in the amount of the face value of the special offer, discount card, or gift certificates.

19.     The Debtor will incur a nominal cost (and fully expected to have a *de minimis* effect in any event), and will get a substantial benefit (by avoiding irreparable damage to the goodwill of the Debtor) by honoring the special offers, discount cards, and gift certificates in the ordinary course of business, rather than at a later date.

U.S. Bankruptcy Court - Hawaii   #13-01138   Dkt # 12   Filed  07/03/13   Page 5 of 8

20.     Additionally, the Debtor expects that honoring the special offers, discount cards, and gift certificates will generate sales in excess of the face amount of the special offer, discount card, and gift card.

21.     The Debtor will not be able to prevent erosion of its customer base and goodwill given the competitive nature of the gas station and convenience store industry if the public were to perceive that the bankruptcy is preventing the Debtor from honoring its obligations and meeting the needs of its customers.

22.     Prior to the bankruptcy, Debtor entered into a merchant services agreement with National Payment Processing to provide credit card processing services for Debtor.

23.     The terms of the agreements provide rates that are favorable to Debtor.

24.     Prior to the bankruptcy, on June 27, 2013, the Debtor, along with its affiliates (Waiehu Beach Partners, Kapunakea Partners, and NCT, LLC (collectively referred to "affiliates")), were able to provide a partial pre-petition retainer to O'Connor Playdon & Guben, LLC ("OPG") in the amount of $25,000.00.

25.     On July 2, 2013, my personal check in favor of OPG in the amount of $10,000.00, was deposited into the client trust account for the pre-

U.S. Bankruptcy Court - Hawaii   #13-01138   Dkt # 12   Filed 07/03/13   Page 6 of 8

petition retainer for Dairy Road, NCT, LLC and Kapunakea Partners and for the involuntary petition of Waiehu Beach Partners.

26. OPG has informed the Debtor that it would request the Court to authorize a post-petition retainer.

27. On June 16, 2013, the Debtor and its affiliates also provided OPG with $7,000.00 for the costs and expenses related to the bankruptcy filings.

28. The Debtor does over $7,478,597 in annual sales, but like all gas station businesses, it was affected by the downturn in the economy.

29. The patrons for the Debtor's gas station were particularly hard hit in this recession and the Debtor has been unable to satisfy all of the financial demands, including large debt service payments to its only secured creditor.

30. The filing of the bankruptcy petition was precipitated by the filing of American Savings Bank's foreclosure complaint on March 6, 2013.

31. The Debtor believes with time, and the expected recovery of the economy and the recovery among the Debtor's targeted consumers, the reduction in monthly debt service payments, Debtor's business will once again be profitable.

32. The Debtor has been operating in Hawaii for more than a decade and I am the general partner of the Debtor.

33. The Chapter 11 will give the Debtor an opportunity to scale back its debt service payments, and take appropriate action.

U.S. Bankruptcy Court - Hawaii  #13-01138  Dkt # 12  Filed 07/03/13  Page 7 of 8

34.    In particular, the Debtor seeks the use, on an interim basis, the post-petition revenues for the payments of post-petition expenses, including all allowed professional fees and costs, for those professionals approved by the Court and any fee arrangement also approved by the Court.

35.    To the extent that the Court decides that the secured creditor is entitled to adequate protection, the Debtor proposes to give the secured creditor a replacement lien upon the entry of the Interim Order in the Debtor's post-petition revenues and determine, based on the budget, if additional or other adequate protection is needed.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 3rd of July 2013.

_____
GLENN M. NAKAMURA
General Partner and Responsible Person,
DAIRY ROAD PARTNERS

U.S. Bankruptcy Court - Hawaii  #13-01138  Dkt # 12  Filed  07/03/13  Page 8 of 8